IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS BALL, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:24-CV-313-TES-CHW |
| Sheriff GARY LONG, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | <u>BEFORE THE U.S. MAGISTRATE JUDGE</u> |
| Defendant. | : | |
| | : | ORDER |

Plaintiff Travis Ball, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a 42 U.S.C. § 1983 action and moved to proceed *in forma pauperis*. ECF No. 1; ECF No. 2. Both the complaint and his motion to proceed without prepayment of the filing fee are deficient. Should Plaintiff wish to proceed with this action, he must comply with the following instructions.

Plaintiff makes general allegations regarding the conditions of confinement in the Butts County Jail. The Court needs more information before it can process Plaintiff's complaint. The Court will give Plaintiff one opportunity to file a recast complaint. Plaintiff must complete the enclosed 42 U.S.C. § 1983 form **in full**. It will take the place of and supersede Plaintiff's original complaint. The Court will not refer to the original complaint or any other document Plaintiff has filed to determine if Plaintiff has stated a claim. All claims must be raised in the recast complaint. **The recast complaint must be no longer than ten (10) pages**.

Plaintiff indicates on his original complaint that he has not filed any other lawsuits while incarcerated and he has never had a case dismissed because it was frivolous, malicious, or failed to state a claim. This is not true. Plaintiff must provide complete information regarding his

1

litigation history. Plaintiff's failure to truthfully answer the questions regarding his previous litigation may result in the dismissal of his complaint

Plaintiff must state the period of time he was incarcerated in the Butts County Jail and the reason for his incarceration. For example, Plaintiff must tell the Court if he was a federal pretrial detainee, a state pretrial detainee, or a convicted prisoner at the time of his incarceration. Plaintiff complains that the poor living conditions in the Butts County Jail caused "everyone" or all "inmates/detainees" to experience health problems such as diabetes, high blood pressure, and various skin conditions. ECF No. 1 at 5. A pro se plaintiff may not represent the interest of other prisoners. *See Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Plaintiff has only "standing to seek redress for injuries done to him" and "may not seek redress for injuries done to others." See *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) (citations omitted). Thus, Plaintiff must tell the Court how, if at all, he was affected by the conditions at the Butts County Jail.

Plaintiff must fully exhaust all administrative remedies before he files a 42 U.S.C. § 1983 action. Plaintiff must tell the Court what steps he took to exhaust administrative remedies. Plaintiff states that the Butts County Jail does not have a grievance procedure in place. ECF No. 1 at 3. Previous litigation in this Court indicates that the jail does, in fact, have a grievance procedure. *See Jamison v. Butts County Jail*, 5:19-cv-457-TES-MSH, ECF No. 40-1 (M.D. Ga. Oct. 5, 2020) (affidavit of custodian of records who oversees the grievance process at the Butts County Jail with copy of the "Procedure for Grievances" attached). If the jail has a grievance

procedure and Plaintiff failed to exhaust the administrative remedies before filing this action, the named defendant may move to dismiss Plaintiff's case. If the Court dismisses Plaintiff's action for failure to exhaust administrative remedies, Plaintiff will still owe the full ($350.00) filing fee. This is true even if Plaintiff has been granted leave to proceed *in forma pauperis*. Money will be deducted from Plaintiff's prisoner trust fund account in accordance with the Prison Litigation Reform Act until the full filing fee is paid. Plaintiff should keep this in mind when deciding if he wishes to pursue this action.

The Court cannot grant most of the relief Plaintiff requests. A federal district court has no authority to "close and empty Butts County Jail and destroy it by implosion." ECF No. 1 at 6. The housing of federal prisoners or pretrial detainees is not controlled by the federal district courts. *Cf. Wilson v. Blankenship*, 163 F.3d 1284, 1289 (11th Cir. 1998) (stating that the "Marshals Service had an intergovernmental agreement" with a local jail for housing of federal pretrial detainees). Thus, the Court has no authority to order the Butts County Jail no longer be used as a "federal holding facility." ECF No. 1 at 6. Neither the Court nor Plaintiff can bring "criminal charges against Sheriff Gary Long." *Id*.; *Otero v. U.S. Att'y Gen.,* 832 F.2d 141, 141 (11th Cir. 1987) (stating, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that "the Executive Branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Plaintiff should keep this in mind when he decides if he wants to pursue this action.

Plaintiff dated his original complaint August 10, 2023. ECF No. 1 at 6. He moved to proceed *in forma pauperis* and included an Account Certification dated August 8, 2023. ECF No. 2-1. The Court received the complaint and the motion to proceed *in forma pauperis* on September

11, 2024.  ECF No. 1 (showing complaint filed September 11, 2024).  The postmark date on the envelope is September 5, 2024.  The envelope shows that Plaintiff was incarcerated in Dooly State Prison at the time he mailed his complaint and motion to proceed *in forma pauperis* but the August 8, 2023 Account Certification is signed by the business office clerk/secretary at Coffee Correctional Facility.  ECF No. 2-1.  If Plaintiff wishes to proceed without prepayment of the filing fee, the Court needs an updated prisoner trust fund account statement.  Plaintiff must complete the enclosed *in forma pauperis* paperwork.  He must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1)-(2).  Plaintiff must be aware that even if he is allowed to proceed without prepayment of the filing fee, he remains responsible for the full amount of the $350.00 filing fee.

In conclusion, it is **ORDERED** that Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to file his amended complaint and to submit an updated request to proceed *in forma pauperis*.  If Plaintiff fails to do so, his action will be dismissed.  If Plaintiff fails to follow the instructions in this Order, his action will be dismissed.  Finally, if Plaintiff fails to keep the Court informed of any address change, his action may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a standard §1983 form and *in forma pauperis* forms with the civil action number on them along with a copy of this Order.

So **ORDERED and DIRECTED**, this 24th day of October, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge