IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS BALL, | : | |
| | : | |
| Plaintiff, | : | NO. 5:24-cv-313-TES-CHW |
| VS. | : | |
| | : | |
| Sheriff GARY LONG, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendant. | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| _____ | | |

## ORDER AND RECOMMENDATION OF DISMISSAL

Plaintiff Travis Ball, a prisoner incarcerated in Dooly State Prison in Unadilla, Georgia, filed a pro se complaint seeking relief under 42 U.S.C. § 1983. ECF No. 1. The Court ordered that he file a recast complaint, and he has now done so. ECF No. 4; ECF No. 6. Plaintiff also moved to proceed *in forma pauperis*. ECF No. 2. The Court ordered that he supplement his motion to proceed without prepayment of the filing fee with an updated certified copy of his trust fund account statement, and he has now done so. ECF No. 4; ECF No. 7. Plaintiff also moved for appointment of counsel. ECF No. 5. It is **ORDERED** that Plaintiff's motions to proceed *in forma pauperis* (ECF No. 2; ECF No. 7) are **GRANTED**. It is **ORDERED** that his motion for appointment of counsel (ECF No. 5) is **DENIED**. Following review of Plaintiff's complaint, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED** without prejudice.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2; ECF No. 7. As it appears Plaintiff

is unable to pay the cost of commencing this action, his applications to proceed *in forma pauperis* are hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Dooly State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with

provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff filed a motion requesting that the Court appoint counsel to represent him in this lawsuit. ECF No. 5. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Appointment of counsel is a privilege

that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claim, and that the applicable legal doctrines are readily apparent. It is recommended that Plaintiff's action be dismissed for failure to state a claim upon which relief may be granted and as malicious because Plaintiff failed to disclose his litigation history. Thus, counsel is not needed, and Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is **DENIED**.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

5

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff states that while he was incarcerated as a federal pretrial detainee in the Butts County Detention Center for eight months, from November 1, 2023 to July 2, 2024, he was "fed square bread and potatoes (either in the form of french fries or cream or mashed potatoes)." ECF No. 6 at 5. According to Plaintiff, the bread and potatoes caused him "to put on weight and become obese." *Id*. Plaintiff opines that "square bread and potatoes" caused him to become diabetic and raised his blood pressure. *Id*. Plaintiff states he "filed several grievances in the kiosk to Sheriff Gary Long" complaining about this situation and requested that he be given salads or transferred to a different facility, but defendant Long "did neither." *Id*. Plaintiff seeks $500,000 for pain and suffering as well as "mental anguish." *Id*. at 6.

III. Plaintiff's Claim

Conditions of confinement claim against Sheriff Gary Long

Plaintiff states he was a federal pretrial detainee during his incarceration in the Butts County Detention Center. ECF No. 6 at 5. He also alleges that he was convicted of arson in the Superior Court of Upson County in June 2014 and that his sentence for that conviction will not be completed until February 2025. *Id*. at 1-2. Thus, it is not entirely

6

clear if Plaintiff was a pretrial detainee, a state prisoner, or both at the time he was incarcerated in the Butts County Detention Center. It does not matter, however, because the Eighth Amendment standard for providing basic human needs to convicted prisoners is the same as the Fourteenth Amendment standard for pretrial detainees. *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) (citations omitted). Thus, the case law involving prison inmates applies equally to cases involving pretrial detainees. *Id.*

Prison officials must "provide humane conditions of confinement; . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). "Even so, 'the Constitution does not mandate comfortable prisons.'" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Only actions that deny prisoners or detainees "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations under the Eighth or Fourteenth Amendments. *Rhodes*, 452 U.S. at 347. "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler*, 379 F.3d at 1289 (quoting *Rhodes*, 452 U.S. at 347).

Prison officials may be held liable under either the Eighth Amendment (convicted prisoners) or the Fourteenth Amendment (pretrial detainees) for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures. *Farmer*, 511 U.S. at 828 (citations omitted). The deliberate indifference

7

analysis has two steps. *Chandler*, 379 F.3d at 1289 (stating that "[t]he Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement").

"First, under the 'objective component,' a prisoner must [allege] that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Id*. (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). This objective inquiry requires "'a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.'" *Id*. (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). In short, "[t]he challenged condition must be 'extreme.'" *Id*. (quoting *Hudson*, 503 U.S. at 9).

Second, the allegations "must show that the defendant . . . 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." *Id*. (quoting *Hudson*, 503 U.S. at 8). This requires that the plaintiff's allegations show the defendant acted with "deliberate indifference." *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (citations omitted). Subjective awareness requires that the defendant "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). To establish that a particular "defendant acted with

8

'subjective recklessness as used in the criminal law'" the plaintiff's allegations must establish "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839). "Furthermore, the official may escape liability for known risks 'if [he] responded reasonably to the risk, even if the harm ultimately was not averted.'" *Chandler*, 379 F.3d at 1290 (quoting *Farmer*, 511 U.S. at 844); *Wade*, 106 F.4th at 1255 (citations omitted) (alteration in original) (stating that "in any event, a defendant who 'respond[s] reasonably' to a risk, even a known risk, 'cannot be found liable' under the Eighth Amendment")

In this case, Plaintiff's allegations do not satisfy the first component of the deliberate indifference analysis. He has not alleged that Sheriff Long "fail[ed] to provide . . . reasonably adequate food." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) (finding that the jail's food, which occasionally contained foreign objects; was served cold; and "failed to meet Georgia Department of Human Resources Food Preparation Standards," did not violate the Fourteenth Amendment). The fact that Plaintiff was served bread and potatoes rather than salad does not violate the Fourteenth Amendment. "Neither [the Eleventh Circuit] nor the Supreme Court have ever held that the Eighth Amendment [or Fourteenth Amendment] requires prison officials to indulge inmates' dietary preferences. . . ." *Robbins v. Robertson*, 782 F. App'x 794, 805 (11th Cir. 2019) (citations omitted). In short, being served a side of bread or potatoes instead of a salad does not "'involve the wanton and unnecessary infliction of pain.'" *Chandler*, 379 F.3d at 1289 (quoting *Rhodes*, 452 U.S. at 347).

It is, therefore, **RECOMMEDED** that this action be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

IV.  Plaintiff's failure to disclose litigation history

As stated above, the PLRA requires the Court to review any prisoner's complaint seeking redress from governmental employees and "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a–b); *see also* 28 U.S.C. § 1915(e)(2)(B) (setting the same standard for *in forma pauperis* litigants). Plaintiff's action is subject to dismissal not only for failure to state a claim upon which relief may be granted, as discussed above, but also for Plaintiff's malicious misrepresentation of his litigation history. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (affirming dismissal without prejudice of complaint where pro se plaintiff did not accurately disclose previous litigation).

Plaintiff drafted his complaint on the standard § 1983 complaint form. Question seven required Plaintiff to list any lawsuits (other than an appeal of his conviction or sentence and habeas petitions) that he filed while incarcerated or detained. ECF No. 6 at 2. Plaintiff lists one lawsuit: *Ball v. Kilgore*, 5:24-cv-262-CAR-TQL (M.D. Ga. July 29, 2024). *Id*. Question eight required Plaintiff to list any lawsuit filed in any federal court in which he was permitted to proceed *in forma pauperis* that was dismissed on the ground

that it was frivolous, malicious, or failed to state a claim. *Id*. at 3. Plaintiff states that "none have been dismissed as frivolous, malicious, or failed to state a claim." *Id*.

This is not true, and Plaintiff knows this is not true. This Court recently reminded Plaintiff of his litigation history and warned him that failure to disclose this history in future actions would result in the dismissal of his complaints as malicious. In an October 25, 2024 Order, the Court informed Plaintiff that

> [w]hile the Court must accept Plaintiff's factual allegations in his statement of claim as true, it notes that Plaintiff has made several misrepresentations on the 42 U.S.C. § 1983 complaint form. . . . Question number six asks if, other than appeals of his conviction or sentence and habeas petitions, if Plaintiff has filed any other lawsuits while incarcerated or detained. ECF No. 6 at 2. Plaintiff checked, "No." *Id*. This is not true. At the time Plaintiff filed his recast complaint, Plaintiff had filed at least six other lawsuits (not including *Ball v. Eppinger*, 5:24-cv-254-CAR-CHW already discussed above). *Ball v. Male Black Correctional Officer*, 1:20-cv-4571-JPB (N.D. Ga. Oct. 30, 2020); *Ball v. Long*, 5:22-cv-444-MTT-CHW (M.D. Ga. Dec. 20, 2022); *Ball v. Allen*, 5:23-cv-46-MTT-CHW (M.D. Ga. Feb. 6, 2023); *Ball v. Trammel*, 5:23-cv-85-TES-CHW (M.D. Ga. March 3, 2023); *Ball v. Kilgore*, 5:23-cv-98-MTT-CHW (M.D. Ga. March 17, 2023); and *Ball v. Miller*, 5:23-cv-234-MTT-CHW (M.D. Ga. July 3, 2023). Finally, question number eight asks if any lawsuit, in which Plaintiff was allowed to proceed *in forma pauperis*, was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. Plaintiff checked, "No." This is not true. Two of Plaintiff's previous lawsuits were dismissed for failure to state a claim. *Ball v. Male Black Correctional Officer*, 1:20-cv-4571-JPB, ECF No. 15 (N.D. Ga. Mar. 25, 2021) (order dismissing action for failure to state a claim upon which relief may be granted); *Ball v. Miller*, 5:23-cv-234-MTT-CHW, ECF No. 11 (M.D. Ga. Oct. 2, 2023) (order dismissing action for failure to state a claim upon which relief may be granted). Additionally, Plaintiff cannot credibly maintain that he was unaware any of his previous lawsuits were dismissed for failure to state a claim. In the August 6, 2024 Order granting Plaintiff's motion to proceed *in forma pauperis* and ordering him to file a recast complaint, the Court informed Plaintiff that he had two prior cases that were dismissed for failure to state a claim. ECF No. 5 at 1 n.1. Plaintiff currently has two cases in this Court in which he has been ordered to file recast complaints. *Ball v. Long*, 5:24-cv-313-TES-CHW, ECF No. 4 (M.D. Ga. Oct. 24, 2024) (order to recast informing Plaintiff that

11

> misrepresentation of his litigation history may result in dismissal of the action); and *Ball v. Allen*, 5:24-cv-314-CAR-CHW, ECF No. 4 (M.D. Ga. Oct. 23, 2024) (order to recast informing Plaintiff that misrepresentation of litigation history may result in dismissal of the action). This footnote contains Plaintiff's litigation history. Thus, Plaintiff has no excuse for failing to fully and truthfully provide information regarding his previously litigation in any 42 U.S.C. § 1983 complaints or recast complaints that he files in this Court or any court. This Order puts Plaintiff on notice **again** that misrepresentation of his litigation history may result in dismissal of his actions and/or other appropriate sanctions.

ECF No. 8 at 7 n.1 in *Ball v. Kilgore*, 5:24-cv-262-CAR-TQL (M.D. Ga. Oct. 25, 2024).

Thus, when Plaintiff completed his November 5, 2024 recast complaint in this action (ECF No. 6 at 6), he had been given his complete litigation history and warned that failure to disclose this litigation history in the future would result in dismissal. Plus, as stated above, the October 25, 2024 Order was not the first time the Court reminded Plaintiff that at least two of his previous complaints had been dismissed for failure to state a claim. In an August 6, 2024 Order, the Court informed Plaintiff that

> [a] review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff appears to have accrued two strikes for the purposes of 28 U.S.C. § 1915(g). *Ball v. Miller*, 5:23-cv-234-MTT-CHW (M.D. Ga. Oct. 2, 2023) (order dismissing action for failure to state a claim upon which relief may be granted); *Ball v. Male Black Correctional Officer*, 1:20-cv-4571-JPB (N.D. Ga. Mar. 5, 2021) (order dismissing action for failure to state a claim upon which relief may be granted).

ECF No. 5 at 1 n.1 in *Ball v. Kilgore*, 5:4-cv-262-CAR-TQL (M.D. Ga. Aug. 6, 2024). Taking these Orders into consideration, Plaintiff cannot credibly claim that he forgot his litigation history or did not know at least two of his previous complaints had been dismissed for failure to state a claim upon which relief may be granted.

In addition to the previous warnings Plaintiff received from this Court, the standard complaint form Plaintiff completed unambiguously requires disclosure of previous litigation and warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF No. 6 at 2. Thus, Plaintiff clearly had warning that he needed to disclose his complete litigation history, and he failed to do so.

"Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Sears*, 509 F. App'x at 936 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). A prisoner's "failure to comply with court rules requiring disclosures about [his] previous litigation constitutes an abuse of the judicial process warranting dismissal" of the party's pleading as malicious under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *Id*. (citations omitted); *Adams v. Todd*, No. 23-10908, 2024 WL 4449453, at *5 (11th Cir. Oct. 9, 2024) (per curiam) (stating that the court must find the prisoner's failure to disclose his litigation history is "malicious" for the action to be dismissed under 28 U.S.C. § 1915A); *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam) (affirming dismissal without prejudice due to plaintiff's failure to disclose one prior lawsuit and stating that dismissal is proper under 28 U.S.C. § 1915 where a "plaintiff engage[s] in bad faith litigiousness or manipulative tactics"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (agreeing with district court's conclusion that allowing

prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

"Malicious," in the context of 28 U.S.C. § 1915A means "bad faith" or "manipulative tactics." *Adams*, 2024 WL 4449453, at *5 (quotation marks and citation omitted). Given Plaintiff's litigation history and the Court's previous warnings, it is clear that Plaintiff's failure to disclose his litigation history was not a simple "misstep," but an intentional and fraudulent action that qualifies as malicious under 28 U.S.C. § 1915A(b)(1). *Id*. (quotation marks and citations omitted). Plaintiff's complaint is accordingly subject to *sua sponte* dismissal without prejudice. *See Sears*, 509 F. App'x at 936.

It is, therefore, **RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice as malicious due to his intentional failure to disclose his litigation history.

## CONCLUSION

It is **ORDERED** that Plaintiff's motions to proceed *in forma pauperis* (ECF No. 2; ECF No. 7) are **GRANTED**. It is **ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 5) is **DENIED**. It is **RECOMMENDED** that Plaintiff's action be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and for malicious failure to disclose his litigation history. 28 U.S.C. § 1915A(b)(1).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order

and Recommendation of Dismissal. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 26th day of November, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge